IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARRY BOYD, BOYD MEDICAL, INC., CHARLES WETHERILL, and ADDISON MEDICAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TORNIER, INC., NEXA ORTHOPEDICS, INC., ARCHWAY MEDICAL, INC., and JAMES O'DAY, <br><br> Defendants. | Civil No. **07-751-MJR** |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Defendant Tornier, Inc.'s Motion to Compel and for Sanctions. **(Doc. 50)**. Plaintiffs filed a response, which they incorrectly docketed as a motion, at **Doc. 53**. Defendant then filed a reply at **Doc. 55**.

Defendant seeks to compel responses to certain of its interrogatories and requests to produce. Unfortunately, much of plaintiffs' response consists of accusations of "flagrant misrepresentations" by defense counsel. Plaintiffs' counsel also takes issue with the validity of the attempt to resolve. Likewise, much of the reply consists of refuting the charges of making misrepresentations.

Plaintiffs objected to interrogatories numbered 7 through 18 on the basis that they are contention interrogatories. That is not a valid objection as contention interrogatories are allowed. See, Fed.R.Civ.P. 33(a)(2). In any event, these questions are not contention

1

interrogatories; they merely ask for the facts which form the basis of specified allegations made in the complaint. Plaintiffs also object that these interrogatories "seek to invade the attorney work product doctrine." That objection is waived as it was not properly raised. Fed.R.Civ.P. 26(b)(5). Plaintiffs' objections to interrogatories numbered 7 through 18 are denied.

For the same reason, plaintiffs' objections to requests for production numbered 8 through 16, 18, 19, 20, and 22 are also denied. A general assertion that a request seeks privileged materials is not sufficient to preserve an objection.

Request number 21 asks plaintiffs to produce "all documents" that they have provided to their retained expert witnesses. Plaintiffs object that this request asks them to produce "documents far in excess" of what is required by the Federal Rules related to expert disclosure. The objection is inartfully worded, but plaintiffs are evidently referring to Fed.R.Civ.P. 26(a)(2)(B), which requires that the expert's report contain "the data or other information considered by the witness" in forming his or her opinions. The request is broader than the Rule, and plaintiffs are not required to produce their expert reports until August 15, 2008. The court will sustain the objection, with the understanding that plaintiffs will produce a timely report that complies fully with the requirements of Rule 26(a)(2)(B) for each retained expert.

Lastly, the court expects the parties to handle future discovery disputes in a more constructive manner. The court will not impose sanctions at this time, but will not be so forgiving in the future.

Upon consideration and for good cause shown, Defendant Tornier, Inc.'s Motion to Compel and for Sanctions **(Doc. 50)** is **GRANTED** as to interrogatories numbered 7 through 18, and as to requests for production numbered 8 through 16, 18, 19, 20, and 22. Plaintiffs shall

respond *fully* to those discovery requests by **July 11, 2008**.

The motion is **DENIED** as to request for production number 21. The request for sanctions is **DENIED**.

**IT IS SO ORDERED.**

**DATE: June 30, 2008.**

                                      <u>**s/ Clifford J. Proud**</u>
                                      **CLIFFORD J. PROUD**
                                      **UNITED STATES MAGISTRATE JUDGE**