IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GARRY BOYD AND BOYD MEDICAL, INC., CHARLES WETHERILL AND ADDISON MEDICAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07-751-DGW |
| v. | ) ) | |
| TORNIER, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

This action comes before the Court on remand from the United States Court of Appeals for the Seventh Circuit for a recalculation of damages. *See Boyd v. Tornier, Inc.,* 656 F.3d 487, 497 (7th Cir. 2011). For the reasons stated below, the Court **ORDERS** a new trial by jury on the question of damages.

### BACKGROUND

The plaintiffs in this case, Gary Boyd and Boyd Medical, Inc. ("Boyd"), and Charles Wetherill and Addison Medical, Inc. ("Wetherill"), brought suit against the defendant, Tornier, Inc. ("Tornier"), on October 31, 2007, alleging breach of contract, intentional misrepresentation, and negligent misrepresentation.[1] The plaintiffs also asked for punitive damages against Tornier on the intentional misrepresentation claims. On motions for summary judgment, the Court dismissed Wetherill's negligent misrepresentation claim, but allowed the plaintiffs to proceed on all other claims raised in the complaint.

At trial, the jury found in favor of Boyd and Wetherill on the remaining contract and intentional misrepresentation claims and awarded actual and punitive damages to both plaintiffs.

---

[1] Boyd and Wetherill were distributors of medical products manufactured by Tornier. Additional facts are clearly and succinctly set forth in the opinion of the Court of Appeals. The Court will not repeat them here.

The jury's award was based upon an estimate of future lost profits over a six-year term, with an assumed growth rate of 20% per year. On post-trial motions, the Court found that the evidence did not support the jury's award of punitive damages. The Court entered judgment for each plaintiff on the jury award of actual damages (Doc. 200).

Both parties appealed. Boyd and Wetherill argued that the punitive damage awards should be reinstated. Tornier argued that the contracts at issue expressly precluded the award of lost profits for the breach of contract; that the plaintiffs' intentional and negligent misrepresentation claims failed as a matter of law and fact; and that the damages awards on the tort claims were not adequately supported by the evidence.

The Court of Appeals for the Seventh Circuit vacated the award of lost profits on the breach-of-contract claims because the contract itself precluded such awards. *Boyd*, 656 F.3d at 493. The Court of Appeals affirmed the verdicts against Tornier on the intentional misrepresentation and negligent misrepresentation claims, but vacated the actual damage awards on those claims finding that the assumed growth rate of 20% per year was not supported by sufficient evidence. *Id.* at 495-96. The Court rejected Tornier's argument that the awards should be limited to one year's lost profits, finding that applicable contract law allowed lost profit damages in tort to exceed the term of the contract if the misrepresentation included promises of an ongoing, lasting relationship. *Id.* at 496. The Court found that Boyd and Wetherill could recover beyond the one-year terms of their contracts because the jury was entitled to find that Tornier fraudulently promised Boyd and Wetherill an ongoing, lasting relationship. *Id.* Finally, the court of appeals affirmed the Court's decision to set aside the awards of punitive damages. *Id.* at 497. The Appellate Court remanded the case to this Court for a recalculation of damages on the

misrepresentation claims consistent with the opinion. *Id.*

## DISCUSSION

Accordingly, the Court must now reconsider the jury's award of actual damages, or lost profits,[2] on the negligent and intentional misrepresentation claims. Upon remand, the Court ordered the parties to submit briefs asserting their positions on the recalculation of damages. The parties have filed briefs and the issue is ripe.

Boyd and Wetherill argue for an expansive reading of the Seventh Circuit's opinion. Despite the appellate court's finding that damages based upon a growth rate of 20% per year were not supported by the record, Boyd and Wetherill argue that they are entitled to damages based upon a projected growth rate of 40% per year. In support of this argument, the plaintiffs point out that the Court of Appeals did not rule out an increased growth rate upon which to determine damages and contend that the evidence introduced at trial was sufficient to support a 40% growth rate. Plaintiffs argue, in the alternative, that if the Court determines Plaintiffs are entitled to damages based upon a growth rate lower than that awarded by the jury (20%), then the Court should grant a new jury trial on the question of damages (Doc. 229).

Tornier urges a narrow interpretation of the Seventh Circuit's opinion. Tornier argues that the plaintiffs are entitled only to lost profits for the remaining 2007 contract term. Tornier contends that despite the Seventh Circuit's discussion that the law allows awards beyond the one-year term, the Court held that the evidence submitted at trial did not support an award to Boyd and Wetherill beyond the remaining contract term (Doc. 230).

The Court's authority to recalculate damages is limited by the Seventh Amendment, which states: "the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise

---

[2] The Court of Appeals uses these terms interchangeably.

3

reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. The right to trial by jury is of long standing. Blackstone characterized the right as "the glory of the English law" and "the most transcendent privilege which any subject can enjoy." *Dimick v. Schiedt*, 293 U.S. 474, 485 (1935). In America, "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Id*. at 486.

The Seventh Amendment guarantee of the right to a jury trial applies to the determination of damages. *See McKinnon v. City of Berwyn*, 750 F.2d 1383, 1392 (7th Cir. 1985). A trial court may enter judgment for an amount less than the verdict only when the amount of damages is fixed as a matter of law. *Id.* A federal court may not "enter an absolute judgment for any other sum than that assessed by the jury" without depriving the parties of their constitutional right to a jury. *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1330 (11th Cir. 1999) (citing *Kennon v. Gilmer*, 131 U.S. 22, 30 (1889)). The Seventh Amendment mandates that a plaintiff be given the option of a new trial rather than accepting a remittitur. *Hetzel v. Prince William County, Va.*, 523 U.S. 208, 209 (1998).

## APPLICATION

Whether Boyd and Wetherill may collect beyond one year's damages, based on the existence of a promise for an ongoing, lasting relationship, is a question of fact. The appellate court specifically stated that that jury was legally entitled to conclude Tornier fraudulently promised such a relationship to Boyd and Wetherill. *Boyd*, 656 F.3d at 496. The appellate court found, however, that the amount of the jury award (based upon 20% growth) was unsupported by

4

the evidence. *Id.* This Court is not persuaded that an award of damages based on 40% growth is supported by the evidence either, as plaintiffs maintain. The appellate court did not order the trial court to enter judgment in a certain amount. It told the trial court to recalculate damages. Plaintiffs have already expressed their desire for either a recalculation of damages for more than the amount awarded by the jury or for a new trial. This court finds therefore that such a recalculation cannot be "squared" with the Seventh Amendment without offering plaintiffs a new trial on damages. *Hetzel*, 523 U.S. at 211.

## CONCLUSION

Therefore, for the reasons set forth above, the Court **ORDERS** a new trial by jury for the determination of actual damages to plaintiffs for the tort claims of negligent misrepresentation and intentional misrepresentation against the defendant, Tornier, Inc. The parties are **DIRECTED** to meet and confer pursuant Fed. R. Civ. P. 26(f) for the purpose of preparing a Joint Report of Parties and Proposed Scheduling Order. The parties shall submit the joint report to the Court, via e-mail, by **June 8, 2012**.

The Court **FURTHER ORDERS** the parties to participate in a mandatory settlement conference. The parties are **DIRECTED** to contact the chambers of United States Magistrate Judge Stephen C. Williams to schedule the settlement conference.

**IT IS SO ORDERED.**

**DATED: May 17, 2012**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**