IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY BOYD, BOYD MEDICAL, INC., )
CHARLES WETHERILL, and ADDISON )
MEDICAL, INC., )
)
    Plaintiffs, )
)
v. )   Case No. 3:07-cv-751-DGW
)
TORNIER, INC., )
)
    Defendant. )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Compel filed by Plaintiffs, Gary Boyd, Boyd Medical, Inc., Charles Wetherill, and Addison Medical, Inc. on October 23, 2012 (Doc. 259) and the Motion for Extension of Time to Disclose Experts filed by Plaintiffs on November 19, 2012 (Doc. 263). For the reasons set forth below, the Motion to Compel is **GRANTED IN PART** and the Motion for Extension of Time is **GRANTED**.

### BACKGROUND

On August 24, 2011, this matter was remanded to this Court for recalculation of damages. To that end, this Court ordered a new trial on damages (Doc. 236) and allowed for discovery. The scope of that discovery is now before the Court.

Plaintiffs served upon Defendant 44 document requests and 13 interrogatories to which Defendant provided responses on August 30, 2012. According to Plaintiffs, the requests and interrogatories were designed, among other things, to solicit information on the sales and related data of Archway Medical, Inc., Plaintiffs' successor to Tornier's distributorship contracts, for a five year period beginning in 2007, the date that the parties' contract terminated. The responses

contain 11 paragraphs of general objections and each answer to each request or interrogatory contains specific objections.  Plaintiffs assert that Defendant has only provided "documents 'sufficient to show' Archway's sales, commissions, and quotas" and implies that these documents are mere summaries and not actual raw data.  Plaintiffs seek the underlying data supporting the sales figures (sales transactions, customer lists, commissions, prices, etc.), documents relating to the scope of Defendant's and Archway's relationship, expectations, and performance, and information on Defendant's evaluation of Archway's performance.  Plaintiffs claim that all of this information is necessary to assess how they would have performed for the five years after termination of the contract at issue.  Plaintiffs also seek information on Defendant itself, including its performance for a five year period, its expectations, evaluations, and support of other distributors, and the names of employees who would have relevant documents and information.  Plaintiffs assert that this information is relevant in determining how Defendant would have supported Plaintiffs during the relevant time period.

In response, Defendant asserts that Plaintiffs' requests are generally burdensome and beyond the scope of damages.  Defendant states that in response to the discovery requests it has produced "numerous reports detailing Archway Medical's 2007 to 2012 quotas, sales, and commissions in the Plaintiffs' former territories."  Defendant further notes that these reports, while not containing copies of actual bills of sale, do contain information regarding commissions, sale amount, customer paid amounts, dates, and specific information regarding the use of the surgical device.  In response to specific discovery requests, Defendant argues that Plaintiffs are seeking broad numbers of documents (like all communication between Defendant and Archway)

which would have no bearing on Plaintiffs' potential performance during the relevant time period. Each Request and Interrogatory will be taken in turn.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." While the Rule is broad, this Court has discretion in restricting discovery where the requests are unreasonably burdensome. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

In this matter, Plaintiffs are tasked with providing appropriate evidence to a jury of the profits that it would have made had the parties' contract continued. To that end, it would appear insufficient for the Plaintiffs to be entitled to only information related to the actual sales of their successor, Archway. In order to paint a more accurate picture of projected sales (and hence profit), it appears to the Court that Plaintiffs would require additional information that would offer insight into the nature of those actual sales and the potential for additional sales that were not, but could have been, made. This information could be contained in various forms, from the actual sales of other distributors of Defendant's products, to the policies, opportunities for expansion, marketing, and other support provided by Defendant to its distributors. Plaintiffs, however, are not entitled to each and every piece of correspondence or document exchanged between Defendant and its distributors in an effort to secure relevant evidence. Such requests are patently burdensome and do little to further this litigation in an efficient manner. In its reply brief, Plaintiffs have highlighted specific Requests and Interrogatories to which they have found a response wanting. The Court assumes that Plaintiffs have identified all unresponsive answers in their Reply brief will address only those so identified.

3

**Requests to Produce 1-3, 5, 6, 8, 11, 13-16, 20, 21, 26,
28-30, 32, 33, 35, 36, 38, 39, 42, and 44**

Requests 1 and 3 are overly broad and appear to seek all communication between Defendant and Archway (or Plaintiffs' successors) for an indeterminate time period. Defendant is not required to produce each and every communication between itself and Plaintiffs' successors. The Court assumes that Plaintiffs seek information from 2007 to 2012. In their reply brief (p. 3), Plaintiffs provide specific categories of information they request: communication regarding quotas, sales expectations, types of products available for sale, pricing/discounts information, and marketing and training assistance. These lines of information are relevant to damages. The Court assumes that Defendant's database of communication does not categorize information along these lines. Parties shall confer as to the most efficient way to produce communications containing these specific lines of information.

Request 2 is overly broad. This Request appears to be a catch-all for all documents or communications that are otherwise contained in other Requests to Produce. Defendant is not required to respond.

Requests 5 and 6 are overly broad. Plaintiffs shall re-tailor these requests to seek only information that would be relevant to damages. It is unnecessary for Defendant to produce "all" information that flows between Tornier and Nexa or Tornier/James O'Day and Archway. Request 6 also appears to be duplicative of Requests 1 and 3. Plaintiff should consider whether the Requests could be combined.

Request 8 seeks "complaints or criticisms" of Archway. This is a broad request and could conceivably include complaints wholly unrelated to Archway's sales or related areas. This Request is limited to customer complaints received by Defendant regarding Archway or O'Day or

4

any complaint/criticism about Archway/O'Day made by Defendant or its employees as it relates to their performance as distributors of Defendant's products. That is, Defendant is not required to turn other complaints or criticism related to employment issues or other similar internal matters.

Request 11 seeks actual contracts and agreements. Defendant represents, and the Court accepts, that it has already produced such agreements.

Request 13 is overly broad. Defendant is not required to produce "each and every document" between itself and Nexa. Plaintiff shall tailor a specific request for communications that relate to the damages at issue.

Requests 14, 30, 32, and 33 seek Defendant's annual reports and financial statements and sales forecasts, sales analysis, and quota/sales performance for territories other than Archway's. This information is relevant in comparing Archway's performance vis-à-vis other territories and distributers and could be a useful tool in determining Archway's level of success as compared to other distributers; and, hence, the type of success that Plaintiffs may or may not have had. Defendant's objections are overruled and it shall provide the information sought.

Requests 15, 16, 20, 21, 29, 35, 36 and 39 seek general information related to Defendants policies and procedures with distributors in general. This information is relevant to the environment within which Plaintiffs would have been operating including the type of products it may have sold and the type of support Defendant would provide. Defendant's objections are overruled and it shall provide the information sought (to the extent that it has not already done so).

Request 26 seeks the names and addresses of Archway's customers. It is unclear to the Court how the actual names and addresses of Archway's customers are relevant. Defendant has represented that it has provided detailed sales information that contains some of the items actually

5

sought by Plaintiffs, to wit, discounts offered. Plaintiffs also appear to seek information on how end-users were satisfied or otherwise assisted post-sale. If this is the type of information that Plaintiffs seek, then they should specify as much in a subsequent request to produce.

Request 28 is overly broad. This Request appears to be a catch-all request similar to Request 2. Defendant is not required to respond.

Request 38 seeks documents related to "distributor rankings." Defendant represents that it has no documents responsive to this request. The Court accepts Defendant's representation and further assumes that Plaintiffs themselves will be able to rank Defendant's distributors in light of the information provided by Defendant.

Requests 42 and 44 seek Archway's business plans and documents related to new Tornier products available to Archway for sale. Contrary to Defendant's assertion, this information is relevant to a damages calculation. Archway's business plans can be compared to Plaintiff's (potential and past) business plans to determine whether Plaintiffs would have garnered more or less profit. This would certainly allow for less speculation with respect to future lost profits. Information regarding new products that Defendant has offered to Archway are also relevant as they would generate additional sales and Plaintiffs may be able to show that they had the necessary resources and skills to market those products effectively.

### Interrogatories 3-5, 7, 8, 10-13

Interrogatory 3 requests information on the experts that Defendant will call at trial. Defendant states that it has already disclosed its experts in the underlying lawsuit and that they will be providing no other expert opinions (except in response to the opinions provided by Plaintiffs' expert on damages). Presumably Plaintiffs already have these experts' curriculum vitae and other

6

information. If Defendant's disclosures are inadequate, if they fail to comply with the Federal Rules or this Court's schedule, or if their experts are unqualified to give relevant expert opinion, Plaintiffs may file an appropriate motion.

Interrogatory 4 seeks "statements" made by Plaintiffs or their agents related to this lawsuit. Defendant asserts that they only statements it has are those made at deposition or at trial and those already produced in discovery, which are in Plaintiffs' possession. The Court will accept Defendant's representation.

Interrogatories 5, 7, and 8 seek the name and addresses of Defendant's employees who are involved or have a connection with its business with Archway. Defendant has represented, and the Court accepts, that it has provided the necessary information.

Interrogatory 10 is related to Request to Produce 8. To the extent that Defendant keeps such records, it will provide the information related to complaints or criticism as limited above.

Interrogatories 11, 12, and 13 are related to Requests to Produce 15, 16, 20, 21, 29, 35, 36 and 39. Defendant shall provide the information to the extent that it has not already done so.

## CONCLUSION

For the foregoing reasons, the Motion to Compel filed by Plaintiffs, Gary Boyd, Boyd Medical, Inc., Charles Wetherill, and Addison Medical, Inc. on October 23, 2012 (Doc. 259) is **GRANTED IN PART** and the Motion for Extension of Time to Disclose Experts filed by Plaintiffs on November 19, 2012 (Doc. 263) is **GRANTED.** Defendant shall provide the additional discovery response within 20 days of the date of this Order. This matter is **SET** for a telephonic Status Conference on **January 29, 2013 at 2:00 p.m.** Plaintiffs shall initiate the conference call. The parties should be prepared to discuss any additional discovery disputes or deficiencies and the expert disclosure schedule.

**DATED: January 7, 2013**

                                    **DONALD G. WILKERSON**
                                    **United States Magistrate Judge**